United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CESAR LEDO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GUILLERMO PRADO and MARIA PRADO,<br><br>    Defendants. | Case No. 17-CV-02393-LHK<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Class Representatives Cesar Ledo, Miguel Ledo, and Ricardo Choy Morey (collectively, "Class Representatives"), Defendants Guillermo Prado and Maria Prado ("Defendants"), and the following classes:

    1)  The **Overtime ("OT") Class** includes all "non-exempt hourly employees who were employed by Defendants in California as non-exempt hourly employees between April 26, 2014 and December 31, 2014 who were not paid overtime at the rate of 1.5 times their regular rate of pay."

    2)  The **Hourly Wage Dispute ("Hourly") Class** includes "all non-exempt hourly employees who are employed or have been employed by Defendants from April 26, 2013 through April 1,

1

2018."

3) The terms "Settlement" or "Settlement Agreement" shall refer to the Settlement Agreement filed by the Class Representatives on July 12, 2018. See ECF No. 37, Exhibit 4 attached thereto. All terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided herein.

4) The Court grants final approval of the parties' Settlement Agreement because it meets the criteria for final settlement approval. The settlement falls within the range of possible approval as fair, adequate and reasonable, appears to be the product of arm's-length and informed negotiations, and treats all members of the Settlement Classes fairly.

5) The Court finds that the distribution by U.S. first-class mail of the Class Notice, Exclusion Form, FLSA Consent Form, and Individual Form (collectively, "Notice Packet"), constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Classes, and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the notice to the Settlement Classes was adequate. The Notice Packet informed the Settlement Class Members of the terms of the Settlement, their right to object to any part of the Settlement, their right to appear in person or by counsel at the Final Approval Hearing and to be heard regarding approval of the Settlement and Class Counsel's Motion for Attorney's Fees and Costs, and Class Representatives' Incentive Payment, and right to exclude themselves from the Settlement and pursue their own remedies. Adequate periods of time were provided by each of these procedures.

6) No Class Members objected to the Settlement, to Class Counsel's Motion for Attorney's Fees and Costs, and the Class Representatives' Incentive Payments. None of the 222 Hourly Class Members opted out of the Settlement, so the participation rate of the Hourly Class is 100%.

2

Case No. 17-CV-02393-LHK
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

7) Furthermore, 69 of the members of the OT Class opted in the FLSA portion of the settlement and submitted FLSA Consent Forms and will recover additional settlement monies. The Court finds the 31.08% participation rate of the OT Class reasonable and adequate.

8) The total gross recovery for both classes is $275,000. All members of the OT Class are members of the Hourly Class. The total net recovery for both classes is $179,850. There are 222 Hourly Class Members and 69 OT Class Members. Class members will receive in total an average of $810.14. The most a class member will receive in total is $6,485.38. The least a class member will receive in total is $4.30.

9) The Hourly Class will receive a net total of $70,141.50. The Hourly Class Members will receive an average of $5.37 per workweek. The OT Class will receive a net total of $109,708.50. The OT Class Members will receive an average of $131.86 per workweek.

10) The Court finds, for purposes of settlement only, that the Hourly and OT Classes satisfy the applicable standards for certification under Federal Rules 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating this Settlement, this Court has certified the Hourly and OT Classes, as defined above. Because the Hourly and OT Classes are being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

11) The Court approves the Settlement and each of the releases and other terms set forth in the Settlement Agreement as fair, just, reasonable and adequate as to the Hourly and OT Classes, the Class Representatives, and Defendant (collectively, the "Settling Parties"). The Settling Parties and the Claims Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

12) Except as to any individual member of the OT Class or Hourly Class who has validly and timely opted out of the Settlement, or any individual member of the OT or Hourly Class who has

not validly and timely opted into the FSLA portion of the Settlement, all of the claims asserted in the Action are dismissed with prejudice as to the Class Representatives and the Settlement Class Members.

13) By this Judgment, the Class Representatives and each "OT Class Member" or "Hourly Class Member" who has not validly and timely requested exclusion from the Settlement by opting out, and each "OT Class Member" or "Hourly Class Member" who has validly and timely opted into the Settlement (collectively the "Releasing Members"), hereby release Defendant and the Released Parties (as defined in the Settlement Agreement) from the Released Claims (as those terms are defined in the Settlement Agreement).

14) By this Judgment, the Releasing Members and Class Counsel shall be deemed to have released all claims for attorney's fees and costs incurred in connection with the litigation and settlement of the Action.

15) The Action is dismissed on the merits and with prejudice, permanently barring the Releasing Members from prosecuting any of the Released Claims. The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representatives, the Settlement Classes, and Defendant for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

16) The Court finds that the plan of allocation for the shares of the Gross Settlement Amount as set forth in the Settlement Agreement is fair and reasonable, and that distribution of the Net Settlement Fund to the OT Class and the Hourly Class shall be done in accordance with the terms outlined in the Notice Packet and Settlement Agreement.

17) The Court hereby orders the appointment of Cesar Ledo, Miguel Ledo and Ricardo Choy Morey as Class Representatives for the Hourly Class and the OT Class for purposes of settlement.

18) The Court hereby orders the appointment of James Dal Bon of the Law Offices of James Dal Bon as Class Counsel for the Settlement Classes for purposes of settlement and the releases and other obligations therein.

19) Defendant has agreed that the Claims Administrator shall pay from the Gross Settlement Amount: (i) to the Claims Administrator $14,000, and (ii) to the Class Representatives $2500 each to reimburse them for their valuable services in initiating and maintaining this litigation, and the benefits conferred onto the Settlement Classes and Defendant's current and future employees as a result of the Action. The Court finds that these payments are fair and reasonable. The Claims Administrator is directed to make the foregoing payments in accordance with the terms of the Settlement Agreement.

20) The Court hereby awards to Class Counsel the amount of $68,750.00 for attorney's fees, and the amount of $4900 for costs. Based on Plaintiff's Motion for Attorney's Fees and Costs, and Class Representatives' Incentive Payments, the Court finds that Class Counsel advanced legal theories on a contingent-fee basis, that their efforts resulted in a substantial monetary recovery for the Hourly Class and the OT Class, and that the requested attorney's fees awarded are reasonable. The Court finds this payment to be fair and reasonable. The Claims Administrator is ordered to wire these funds to Class Counsel in accordance with the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: December 6, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge